IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Lisza C. Wright (formerly Emmons), ) | |
| ) | Civil Action No. 8:03-2505-HFF-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Patricia A. Gibson and ) | |
| Beverly L. Gravely, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and motion to dismiss pursuant to Rule 41(b). In her complaint, the plaintiff, who was represented by an attorney at the time she filed her complaint but who is now proceeding *pro se*, alleges a claim for malicious prosecution. This court has jurisdiction based upon the diversity of citizenship between the plaintiff, who now resides in Ohio, and the defendants.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On June 1, 2004, the defendants filed a motion for summary judgment.[1] On June 9, 2004, the plaintiff's case was dismissed when the plaintiff's attorney failed to appear for jury selection. On June 14, 2004, plaintiff's counsel moved to reinstate the complaint, and the motion was granted on June 29, 2004. On October 18, 2004, the district

---

[1] It appears to this court that the defendants' motion for summary judgment was not timely, as under the Conference and Scheduling Order the deadline for filing motions was April 12, 2004. However, given the confusing procedural history of this case and the fact that the motion was pending over eight months before the plaintiff filed a response, this court will consider the merits of the motion.

court ruled that the plaintiff's time for responding to the motion for summary judgment would begin on that date. On November 18, 2004, the district court granted the plaintiff's counsel's motion to be relieved and instructed the plaintiff to notify the court of her new counsel's name on or before December 6, 2004. The court stated that if the plaintiff did not so notify the court, it would be assumed that the plaintiff intended to proceed *pro se*. The plaintiff did not notify the court with the identity of a new attorney. On January 4, 2005, the defendants moved for dismissal of the plaintiff's action based upon her failure to notify the court of whether she intended to proceed without an attorney and her failure to file a response to the motion for summary judgment. By order filed January 11, 2005, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if she failed to adequately respond to the motion. On February 15, 2005, the plaintiff filed a response to the motion for summary judgment.

**FACTS PRESENTED**

Plaintiff Lisza c. Wright ("Wright") owns a parcel of land on Winding Creek Trail in Pickens County, South Carolina. Defendant Patricia Ann Gibson ("Gibson") purchased land and a home on Winding Creek Trail in 1997 from Carolyn Frazier, and allowed her daughter, defendant Beverly L. Gravely ("Gravely"), to live there. Gibson does not reside on the property at issue. The land purchased by Gibson is land locked. Winding Creek Trail, a private road owned by Wright, connects Gibson's property and the property of Jack Lay to Cove Creek Road. Gravely used Winding Creek Trail to access her home beginning in September 1997. Frazier paved the road at her own expense before Gravely moved onto the property. Lay has used Winding Creek Trail for ingress and egress to his home for more than 20 years. Wright began having problems with property damage to her land along Winding Creek Trail in September 1997. She ultimately installed a gate at the

end of the driveway in July 1999. There does not appear to be any recorded easement relating to Winding Creek Trail other than a purported "Title to Real Estate Easement" dated January 8, 2001, executed by Rebecca Joyce C. Lay in favor of Gravely and Gibson.

In July 1999, Gravely filed a motion for rule to show cause in state court and sought an order restraining Wright[2] from having any contact with her and from attempting to interfere with her access to the property. In August 1999, a temporary injunction was issued by the Honorable Henry F. Floyd, who was at that time a Judge for the Thirteenth Judicial Circuit.[3] In September 1999, Gibson and Gravely filed an amended complaint in state court asserting four causes of action: declaratory judgment for an appurtenant easement, easement by prescription on the basis of adverse possession for more than 20 years, injunction, and damages (slander). The complaint was prepared by attorney R. Murray Hughes. Wright counterclaimed, seeking a declaratory judgment that there was no easement by grant, prescription, or necessity and, in the alternative, the right for reasonable control of the use of any easement. She subsequently withdrew her counterclaim for declaratory judgment on the easement issues and alleged counterclaims for outrage and trespass. Gravely and Gibson added Jack Lay as a party defendant, and he counterclaimed requesting that the court declare that he had an appurtenant easement over Winding Creek Trail.

The trial was bifurcated, with the court deciding the easement issues and a jury deciding the remaining causes of action. In an order January 30, 2001, Judge Floyd granted Wright's motion for a directed verdict on Gravely and Gibson's claim for appurtenant easement and ruled that Gravely and Gibson had no right of taking under the prescriptive easement theory because they could not prove that they met all adverse

---

[2] Wright's last name at the time of the state court action was Emmons.

[3] Judge Floyd is now a United States District Judge and is assigned to the instant case.

possession requirements for the requisite time period of 20 years. Judge Floyd found that the "Title to Real Estate Easement" executed by Rebecca Lay in favor of Gibson and Gravely did not grant them an easement over Wright's property. He further found that Jack Lay had a non-exclusive appurtenant easement by prescription for vehicular and pedestrian ingress and egress to his home over Winding Creek Trail. Judge Floyd concluded that Gibson and Gravely could use Winding Creek Trail for 90 days from the date of trial and, thereafter, they were banned from Wright's property (*Gibson v. Emmons*, Case No. 99-CP-39-592, 1/30/01 Amended Order). The jury found for Wright and Gravely on Gibson's cause of action for slander and further found for Wright on her counterclaim for trespass. The jury awarded to Wright $162.00 in actual damages and $2,000 in punitive damages (def. m.s.j., attachment).

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has

been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

5

**ANALYSIS**

Wright alleges a cause of action in her complaint for malicious prosecution. Specifically, she alleges that Gibson and Gravely's state court action against her "had absolutely no merit whatsoever" and they should have known they had no evidence to support their claims of an appurtenant easement and easement by prescription (adverse possession). She claims that Gibson and Gravely "conspired among themselves and others to concoct a scheme . . . to maliciously injure [her] through the initiation and prosecution" "of a frivolous and malicious lawsuit." As a result, Wright alleges that she "has been injured and damaged by the loss of use, interruption, and enjoyment of her property," she incurred substantial expenses, lost time from employment, suffered property damage, and suffered "pain, anxiety, anguish, worry, upset, and strain" (comp. ¶¶ 12, 13, 16-19).

Gibson and Gravely (collectively, "the defendants") have moved for summary judgment on the plaintiff's sole claim of malicious prosecution.

> In general, to authorize the maintenance of an action for malicious prosecution, the following elements must be shown: (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damages as a result of the action or prosecutions complained of.

*Prosser v. Parsons*, 141 S.E.2d 342, 346-47 (S.C. 1965) (quoting 34 Am.Jur., Malicious Prosecution, §6, p. 706). The defendants concede that the first three elements are met, but they argue that the plaintiff has not and cannot come forward with evidence sufficient to establish elements four, five, and six.

In *Prosser*, the plaintiff alleged a cause of action for malicious prosecution against a game warden who had sought the advice of the prosecutor before getting a warrant for the plaintiff's arrest for the crime of hunting at night. The court noted that "as

6

a general rule, advice of a prosecuting attorney may constitute a defense to an action for malicious prosecution, providing that the advice is sought in good faith and received after a full and complete disclosure of all material facts." *Id.* at 347 (citing 10 A.L.R.2d 1215). The court further stated, "The evidence is undisputed that the Solicitor was fully cognizant of all material facts bearing on the case, he having prepared both indictments and submitted them to the Grand Jury. It is uncontroverted that the defendant acted upon the advice of the Solicitor, who was aware of all the material facts. Plaintiff's action for malicious prosecution must, therefore, fail as the evidence will support no finding other than that defendant had probable cause." *Id.*

> Acting on the advice of counsel is sometimes treated as an affirmative defense to a claim for malicious prosecution, and sometimes as simply negating either the lack of probable cause or malice. In any case, the defendant is saved from liability for malicious prosecution if he or she consulted with an attorney in good faith, gave him or her a full disclosure of the relevant facts, and acted on the attorney's advice in good faith in initiating or continuing the action.
> * * * *
> The rule that the advice of counsel is a defense to an action for malicious prosecution, provided there is no statutory provision to the contrary, is applicable regardless of whether the advice was sought in respect of a civil action or a criminal prosecution, and regardless of whether the advice was sought from private counsel or a public prosecutor.

52 Am.Jur.2d, Malicious Prosecution, §§100, 105.

In the state court action at issue, attorney R. Murray Hughes represented Gibson and Gravely and prepared the amended complaint, which alleged the causes of action for an easement appurtenant and easement by prescription. Hughes submitted an affidavit in support of summary judgment in this case in which he stated the following:

> Beverly L. Gravely believed in good faith that there had been unity of title between her property and the tract owned by [Wright] which was the basis of the easement appurtenant cause of action. The trial judge eventually ruled that this claim failed because the Defendant could not prove unity of title. The

7

> judge commented that evidence of unity of title was apparently no longer available because of the sketchy nature of the public records during the period of time (many years ago) when the tracts would have been separated. Beverly L. Gravely also believed in good faith that she was entitled to an easement based on twenty years of uninterrupted use. This claim failed because as to Beverly L. Gravely's tract, there had not been twenty years use, the use having commenced by a predecessor[,] Carolyn Frasier[,] less than twenty years before the institution of the action. However, the Defendant Jack Lay was awarded an easement by prescription based on twenty years of uninterrupted use as to the same road but was not allowed to assign a right to use the same road to Beverly (which he attempted to do) due to the rule against burdening a right of way acquired by prescription.

(Hughes aff. ¶ 2). According to Hughes' resume, which was submitted with his affidavit, he has had a real estate practice for the past 30 years.

In her affidavit, Gravely stated that she received a letter from Wright demanding that she follow her restrictions for use of the drive. According to Gravely, the demands were unreasonable. Wright contacted her lawyer when she found a "post in [her] drive with nails." She testified that she told her attorneys everything that had been happening with regard to "being denied peaceful access over the road to [her] home" and further testified that she used the same attorneys in the lawsuit as had closed the sale of the house in 1997. According to Gravely, her attorneys advised her that she needed to sue Wright in order to stop her from interfering with her use of the road (Gravely aff. ¶¶ 3-5).

In her affidavit, Wright testified to a host of problems between her and Gravely in the months prior to the institution of the state court action. While there may be issues of material fact with regard to the malice element of a claim for malicious prosecution, the plaintiff has not shown a lack of probable cause for the state court action, which is her burden. The evidence presented shows that at the time Gravely purchased her property, there existed a paved road to her home, and she was informed by the previous owner that there was a right of way. Her attorney, who appears to have been fully advised of the

relevant facts, advised her that she had claims for an easement appurtenant and easement by prescription. While these claims eventually failed, Wright has not shown that Gravely and Gibson lacked probable cause in bringing them.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the motion for summary judgment should be granted. The defendants' pending motion to dismiss will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, the motion will be rendered moot.

IT IS SO RECOMMENDED.

                                        s/Bruce H. Hendricks
                                        United States Magistrate Judge

April 11, 2005

Greenville, South Carolina